(137 So. 678)

## RODGERS v. STATE.
### 1 Div. 18.

Court of Appeals of Alabama.
Nov. 17, 1931.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

Ths appeal is upon the record proper only, there being no bill of exceptions. The appeal is from a judgment of conviction for the offense of violating the prohibition laws of the state.

On appeal, this court is charged with the duty of considering all questions apparent on the record or reserved by bill of exceptions. Section 3258, Code 1923.

As to the judgment of conviction in this case, the record appears regular and without error, and to this extent said judgment is affirmed. The sentence, however, is erroneous in that the court, having adjudged that the defendant made default in the payment of the fine and costs, proceeded only to sentence the accused to perform hard labor for the county for seventy days in lieu of the fine. No sentence was passed as to the costs, and this is necessary to a valid sentence (section 5291, Code 1923), where the costs have not been presently paid or judgment confessed therefor.

The statute provides, if on conviction, judgment is rendered against the accused that he perform hard labor for the county, and if the costs are not presently paid or judgment confessed therefor, as provided by law, then the court may impose additional hard labor for the county for such period, not to exceed ten months, as may be sufficient to pay the costs, at the rate of seventy-five cents per day, and the court must determine the time required to work out such costs at that rate, etc.

As stated, the judgment in the record fails to recite a compliance with the express requirements of the above statute as to the costs.

There being no error as to the judgment of conviction, an affirmance thereof to this extent is ordered. The cause is remanded to the lower court for proper sentence as to costs.

Affirmed; remanded for proper sentence.

(137 So. 678)

## Bettie MILLER v. STATE.
### 1 Div. 5.

Court of Appeals of Alabama.
Nov. 17, 1931.

BRICKEN, P. J.

Affirmed; remanded for proper sentence on authority of Rodgers v. State, ante, p. 539, 137 So. 678.